**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 22 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ERNEST MERRILL; LILA MERRILL,

       Plaintiffs - Appellants,

  v.

COUNTY OF MADERA; ANGELA
BASCH; MARK MEYERS; GARY
GILBERTS,

       Defendants - Appellees.

No. 07-16472

D.C. No. CV-05-00195-AWT

ORDER[*]

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, Chief District Judge, Presiding

Argued and Submitted April 15, 2010
San Francisco, California

Before: SCHROEDER and RAWLINSON, Circuit Judges, and COLLINS, District
Judge.[**]

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The Honorable Raner C. Collins, United States District Judge for the
District of Arizona, sitting by designation.

The matter before this Court involves claims of substantive due process, procedural due process, equal protection, and state law claims arising from a land use dispute between landowners Ernest and Lila Merrill and the County of Madera.

The district court dismissed the majority of Plaintiffs' claims in response to the County's motion to dismiss and motion for summary judgment. The Merrills' procedural due process claims and equal protection clause claims proceeded to trial, after which the Court issued judgment as a matter of law in favor of the County on some claims, and a jury found in favor of the County on all others. The only issue raised on appeal is the dismissal of the Merrills' substantive due process claims, which we in turn will review in depth.

The Merrills alleged that the County violated their substantive due process rights when the County intentionally "created and applied laws" in an unfair, irrational and arbitrary manner that prevented them from being able to fully develop their property. The Merrills also alleged that they were denied permits to build a barn, add a deck to their mobile home, and grade their land. The County filed a 12(b)(6) motion to dismiss arguing the Merrills' substantive due process claims were subsumed by the Takings Clause of the Fifth Amendment. The district court dismissed the substantive due process claims because it held that claims pertaining to the deprivation of a property interest could only be brought pursuant to the Takings Clause. In reaching this decision, the district court relied

on *Armendariz v. Penman*, 75 F.3d 1311, 1319 (9th Cir. 1996) (en banc), which held that the Takings Clause of the Fifth Amendment subsumed substantive due process claims challenging the economic impact of land use regulations.

On appeal, Plaintiffs argue that *Armendariz* is no longer good law, having been overturned by *Crown Point Development, Inc. v. City of Sun Valley*, 506 F.3d 851 (9th Cir. 2007). Plaintiffs contend that the change in law is reason to reconsider the district court's decisions (1) to grant the County's motion to dismiss the Merrills' substantive due process claims, (2) to deny the Merrills' motion to amend their complaint to include additional substantive due process claims, and (3) to deny the Merrills' motion for a new trial. Defendants acknowledge the change in law, but offer new reasons for this Court to uphold the district court's dismissal of the substantive due process claims on the merits.

As an initial matter, we affirm the district court's denial of the Merrills' motion for a new trial. At trial, the claims under consideration were the Merrills' procedural due process and equal protection claims. The substantive due process claims had already been dismissed on the basis of the County's pretrial motions. As the district court correctly noted, a Rule 59(a) motion for new trial is not available on claims or causes of actions for which Plaintiffs never received a trial. *See* Fed. R. Civ. P. 59; *see also* 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedures* § 2814 ("A ... new trial will not be granted to try

a new issue that was not litigated at the first trial."). The change in law from *Armendariz* to *Crown Point* therefore has no bearing on the claims that were tried, and the Merrills present no other reason to justify retrying them.

With regard to the dismissal of the Merrills' initial substantive due process claims, and the denial of leave to amend the complaint to add new substantive due process claims, we find that the district court is best suited to address these issues in the first instance. We therefore remand for the district court to decide (1) whether the Merrills should, in light of *Crown Point*, be granted leave to amend their complaint to include additional substantive due process claims; (2) whether the Merrills' complaint, as amended, states a substantive due process claim; and (3) whether the principle of *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed. 383 (1994), bars any of the Merrills' remaining substantive due process claims, in particular the claim based on Mr. Merrill's liberty interest.

Accordingly, this court retains jurisdiction to review any subsequent appeals. We will resume control and jurisdiction over this matter after the district court makes a ruling consistent with our order. The parties shall notify the Clerk of our court with a status report of the proceeding in the district court after 60 days.

**IT IS SO ORDERED**

***Merrill v. County of Madera*, Case No. 07-16472**
**Rawlinson, Circuit Judge, concurring:**

 I concur in the order remanding this case to the district court. Specifically as to the *Heck* claim, the district court should address the implications of: (1) Mr. Merrill's guilty plea to a violation of the Fish and Game Code (moving dirt into a waterway) and not to any violation involving grading of roads and/or building new roads; and (2) the fact that Mrs. Merrill was never charged with violating any statute or ordinance.